MELCHOIR, ARMSTRONG, DESSAU COMPANY OF DELAWARE, INC., Plaintiff and Appellant, *v.* BANCO COMERCIAL DE PUERTO RICO ET AL., Defendants and Appellees.

No. 3652.   Argued February 16, 1926.—Decided December 21, 1926.

*Henry G. Molina* and *Leopoldo Feliú* for the appellant.   *Jaime Sifre, Jr.,* and *Horacio Franceschi* for appellee Georgetti.   *Gabriel de la Haba* and *A. Sarmiento* for appellee Banco Comercial.

MR. JUSTICE ALDREY delivered the opinion of the court.

Melchoir, Armstrong, Dessau Company of Delaware, Inc., brought an ordinary action to recover a certain sum of money from the Banco Comercial de Puerto Rico and Eduardo Georgetti, alleging that the Central Bayaney of Arecibo acknowledged to be the debtor of Melchoir, Armstrong and Dessau Co., Inc., in the sum of $42,514.40, in payment of which the said corporation received from the said central three promissory notes which are overdue and to secure which it gave a mortgage on certain properties described in the complaint; that said promissory notes have been indorsed to the plaintiff and that said properties have been sold to the Banco Comercial de Puerto Rico which sold them later to Eduardo Georgetti, and therefore the said corporation prayed that the defendants be adjudged to pay $42,514.40 and in default thereof that the court order the public sale of the said properties to satisfy its claim.

The district court, on demurrer filed by the defendants, held that the Central Bayaney should be made an adverse party, and in compliance with that order the plaintiff amended its complaint in that respect only, adding that the Central was in bankruptcy with Francisco García as trustee and praying that the said defendants be adjudged to pay the said sum and

in case of their failure to do so that the mortgaged properties be sold in order to enable the plaintiff to collect its credit.

Central Bayaney did not answer the complaint and after its default was entered a trial was held on an amended complaint praying that defendants Banco Comercial de Puerto Rico and Georgetti be adjudged to pay the amount of the claim. Judgment dismissing the complaint was entered and an appeal was taken therefrom by the plaintiff, without serving notice thereof on Central Bayaney, whereupon appellees Banco Comercial de Puerto Rico and Eduardo Georgetti filed in this court a motion to dismiss. This motion, however, was not ruled on at that time, because we decided to postpone its decision until after the hearing on appeal, and as that hearing has been held, we have to decide this question now.

In order to determine whether it was necessary to serve notice of the appeal on Central Bayaney we must decide whether the said central had to be considered as an adverse party in the suit and whether, being in default, it had to be served with notice of the appeal.

According to section 296 of the Code of Civil Procedure, notice of an appeal shall be filed with the secretary of the court in which judgment was entered and with the adverse party, said adverse party being, according to several of our decisions, the person who might be affected by a reversal or modification of the judgment appealed from. *Candelas* v. *Ramírez,* 20 P.R.R. 31; *In re González,* 22 P.R.R. 26; *Succrs. of L. Villamil & Co.* v. *Solá,* 22 P.R.R. 496, and *Ramírez* v. *Ramírez & Sosa,* 26 P.R.R. 120.

From the foregoing we come to the conclusion that the Central Bayaney is a necessary party to this appeal, because, being the original debtor in the claim sought to be enforced, the court below could order *motu proprio* its appearance in accordance with section 74 of the Code of Civil Procedure and to have a copy of the complaint delivered to it, because the court below having decided, on a demurrer to the com-

84

plaint, that said central ought to be included therein as a party defendant, the plaintiff amended its complaint so as to include the central as a defendant, praying that it be adjudged to pay the obligation signed by it. Therefore, if we reversed the judgment appealed from, we might enforce upon the central the payment of its acknowledged indebtedness to Melchoir, Armstrong, Dessau & Co., Inc., claimed by the plaintiff, notwithstanding the fact that at the trial the complaint was amended so as to pray for a judgment only against the Banco Comercial de Puerto Rico and Georgetti, because the prayer of a complaint is not decisive in a suit, although it must be taken into consideration in order to make the complaint clear.

The law prescribes that notice of an appeal shall be served on the adverse party without discrimination between defendants who are in default and those who are not; and in the case of *Ninlliat* v. *Suriñac*, 25 P.R.R. 509, we decided that the fact that a party is in default does not detract from the duty of serving notice of the appeal on said party. Other cases are cited.

Failure to serve notice of an appeal on the adverse party causes the dismissal thereof and therefore the motion to dismiss filed in this case must be sustained.

Mr. Justice Hutchison took no part in the decision of this case.